RECEIVED and
FILED

DEC 3 1 2008

ATLANTIC COUNTY
LAW DIVISION

J. David Alcantara, Esq.
4021 Ventnor Avenue
Atlantic City, NJ 08401
Tel. 609-348-2300
E mail: alcantara@lawyer.com

|  |  |
|---|---|
| MURRAY FREEDMAN, <br><br> Plaintiff, <br><br><br> Vs. <br><br><br> **Showboat Hotel/Casino, Uniforms Department Manager, John Doe, Gary Loveman, Chairman, Chief Executive officer and President, Mary Thomas, Sr. Vice President, Human Resources, John Welch, Manager, John Doe, Jack Doe, Jane, Doe, j/s/a,** | : SUPERIOR COURT OF NEW JERSEY <br> : COUNTY OF ATLANTIC <br> : STATE OF NEW JERSEY <br> : LAW DIVISION <br> : <br> : <br> : <br> : Docket No.:  L - 41 - 0 9 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :     COMPLAINT <br> :     AND REQUEST FOR JURY <br> : <br> : <br> : |

The plaintiff, Murray Freedman, residing at 6 Mount Vernon Avenue, City of Northfield, County of Atlantic, State of New Jersey, Atlantic, State of New Jersey, by way of Complaint against the various defendants, jointly, severally and in the alternative, says:

## FIRST COUNT

1. Murray Freedman, hereinafter referred to as the "Plaintiff," has been and is a resident of the State of New Jersey, for a period of over one year prior to the filing of this Complaint.

2. The Showboat Hotel/Casino, Incorporated, hereinafter referred to as the "defendant casino," or simply as defendant, is/are is a duly and legally organized entity and corporation established and operating in accordance and under the laws of the State of New Jersey.

3. The Showboat is subject to the jurisdiction of the laws and statutes of the State of New Jersey.

4. The incident giving rise to this Complaint occurred when the plaintiff was fired from employment of twenty plus years at the said defendant premises, despite being the senior member in his department, in good standing.

5. The termination of the plaintiff was conducted without giving seniority status to the plaintiff, while other employees were kept working in the same department.

6. The date of said termination occurred on or about October 9, 2008.

7. Said separation continues to the present date.

8. The plaintiff, and counsel herein, has left messages and attempted to contact the legal Department of defendant's Atlantic City Casino/Hotel but to no avail. No one returns the telephone Calls.

9. The defendant(s) have thus far chosen to ignore the plaintiff's inquiries.

10. Defendants herein, Showboat Hotel/Casino, Uniforms Department Manager, John Doe, Gary Loveman, Chairman, Chief Executive officer and President, Mary Thomas, Sr. Vice President, Human Resources, John Welch, Manager, John Doe, Jack Doe, Jane, Doe, j/s/a, John Doe, Jack Doe, Jake Doe and Jane Doe are agents, representatives, servants or officers of defendant casino and/or of each other.

11. Defendant(s) is/are liable for the actions or omissions of its agents, representatives,

servants or officers by way of vicarious liability and/or respondeat superior.

12. At all times relevant, the plaintiff was in good standing in his workplace.

13. The plaintiff's date of birth is    October 7, 1925, having served in the US Armed Forces in good standing, and being in good health while last employed by the defendant(s).

14. Other employees, with less standing, were not laid off or otherwise separated from their employment at the same location and department as the plaintiff.

15. The plaintiff is over 83 years of age.

16. The plaintiff clearly expressed his desire to keep his employment, despite any offers from the defendant otherwise.

17. The plaintiff has suffered emotional hardship, financial losses and stress as a result of calloused, indifferent, cold and unresponsive conduct on the part of the defendant(s) to a loyal, caring and hardworking employee.

18. The defendant(s) has violated the Law Against Discrimination, N.J.S.A. The New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 in that the plaintiff is elderly, although very able to meet his work quota and rules.

19. The defendant(s) have engaged in conduct or omission in violation of the Fifth and 14th Amendment of the United States Constitution and of the Constitution of the State of New Jersey.

20. The defendants have otherwise engaged in actions or omissions in violation of 29 U.S.C. §§ 621 - 634 - The Age Discrimination in Employment Act and the Age Discrimination in Employment Act, 29 U.S.C. 626(e).

21. The defendant(s) have otherwise engaged in actions or omissions in violation of Title VII of the US Civil Rights Act of 1964.

22. The plaintiff has been unjustly discriminated against without any proper reason or basis.

WHEREFORE, the plaintiff demands judgment for wrongful discharge damages and violation of the **New Jersey Law Against Discrimination**, punitive damages, consequential damages and costs, attorney's fees and costs, against said defendant, and all other defendants herein, jointly, severally and in the alternative.

## SECOND COUNT

1. Plaintiff repeats all allegations of all paragraphs of all counts as if fully set forth herein.

2. The defendant and plaintiff entered into a contract.

3. The consideration for said contract was the payment of wages to the plaintiff and the plaintiff's satisfactory performance of all contract requirements.

4. At all times relevant, the plaintiff observed and abided by said rules and requirements.

5. The plaintiff is an elderly senior citizen in good standing at his workplace at the time of his requested separation.

6. The plaintiff was treated less favorably than other employees in the same or similar category of employment.

7. The defendant(s) has/have engaged in disparate treatment of the plaintiff employee herein.

8. At all times relevant, the plaintiff wanted to simply return to his employment and almost begged, however humiliating, to keep his work.

9. The plaintiff belongs to a protected class.

10. The plaintiff was qualified to engage in his employment was actually seen and admired as one of the most reputable, solid, dependable and stable workers who once even volunteered to a temporary reduction in hours in order to assist the company during a financial shortage several years ago, unlike his same colleagues in the same department.

11. The plaintiff has been discriminated against.

WHEREFORE, the plaintiff demands judgment for discrimination under the **Fifth and 14th Amendments of the United States Constitution as well as the New Jersey Constitution** and

requests damages, punitive damages, consequential damages and costs, attorney's fees and costs, against said officer, and all other defendants herein, jointly, severally and in the alternative.


## THIRD COUNT


1. Plaintiff repeats all allegations of all paragraphs of all counts as if fully set forth herein.

WHEREFORE, the defendants have thus violated of **29 U.S.C. §§ 621 – 634, The Age Discrimination in Employment Act and** plaintiff requests damages, punitive damages, consequential damages, costs, loss of employments, against all defendants herein, jointly, severally and in the alternative, for damages, for punitive damages, consequential costs, attorney's fees and court costs.


## FOURTH COUNT


1. Plaintiff repeats all allegations of all paragraphs of all counts as if fully set forth

herein.

2. The defendant has also violated Article I, Paragraph I of the New Jersey State

Constitution barring discrimination in private employment.

WHEREFORE, the plaintiff demands judgment for violation of the **State Constitution** and the New Jersey Administrative Code reiterating the LAD and request damages, punitive damages, attorney's fees, costs, as to each defendant, jointly, severally or in the alternative.


## FIFTH COUNT


1. Plaintiff repeats all allegations of all paragraphs of all counts as if fully set

forthe herein at length.

WHEREFORE, the plaintiff demands judgment for **wrongful termination** against the defendant(s), jointly, severally or in the alternative, for damages, punitive damages, losses, loss of employment, attorney's fees and costs and for such other relief as the court deems equitable and just under the circumstances.


## JURY DEMAND

Plaintiff demands a trial by a neutral and representative jury on all issues.

## CERTIFICATION

Pursuant to the Rules Governing the Courts of the State of New Jersey, I hereby certify that the matter in controversy in this case is not subject to any other action pending in any court or a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated. There are no other parties who should be joined to this action to the best of my present knowledge.

J. DAVID ALCANTARA, ESQ.
Attorney for Plaintiff

Dated: December 26, 2008

I, the undersigned, do hereby voluntarily state in good faith that the declarations above are true and accurate to the best of my ability and recollection.

Murray Freedman
Dated: December 26, 2008

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT



## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.

RECEIVED also

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE: CK | CG | CA |
| CHG/CK NO. | | |
| AMOUNT: | | |
| OVERPAYMENT: | | |
| BATCH NUMBER: | | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| J. David Alcantara | (609) 348-2300 | Atlantic |

FILED
DEC 3 1 2008
**ATLANTIC COUNTY
LAW DIVISION**

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| Law Office of J. David Alcantara | n/a |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 4021 Ventnor Avenue, AC, NJ 08401 | complaint |

JURY DEMAND  ☒ YES  ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Murray Freedman | Freedman v. Showboat, et. al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 618 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES  ☒ NO | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
|---|---|
| | ☐ NONE   ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO | IF YES, IS THAT RELATIONSHIP ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☒ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE

Revised Effective 9/1/2008, CN10517